UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS DIGGS,<br><br>              Plaintiff,<br><br>       v.<br><br>CONTRA COSTA COUNTY JAIL FOOD SERVICES, WEST COUNTY JAIL,<br><br>              Defendants. | Case No. 22-cv-03244-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate housed at West County Jail in Richmond, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 10) is now before the Court for review under 28 U.S.C. § 1915A. His request for leave to proceed *in forma pauperis* has been granted in a separate order. ECF No. 13.

**DISCUSSION**

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

1   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
3   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
4   do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."
5   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
6   proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

7   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
8   right secured by the Constitution or laws of the United States was violated; and (2) that the
9   violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.
10  42, 48 (1988).

**B.    Dismissal with Prejudice**

Plaintiff has named as defendants Contra Costa County Jail and West County Jail Food Services.  Plaintiff alleges that on May 18, 2022, County Jail Food Services served him moldy food.  *See* ECF No. 10 at 2.  Plaintiff requests $205,000 for being served moldy food, and an additional $150,000 for having consumed half the moldy food because noticing.  ECF No. 10 at 3.

The instant action is DISMISSED with prejudice for failure to state a claim.  While Plaintiff has rights arising under either the Eighth Amendment or the Fourteenth Amendment's Due Process Clause,[1] a single instance of being denied consecutive meals is not "cruel and unusual" punishment.  The constitutional prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* violations.  *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (applying Eighth Amendment in context of excessive force claim); *Anderson v. County of Kern*, 45 F.3d 1310, 1314–15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), *amended* 75 F.3d 448 (9th Cir. 1995); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night insufficient to state 8th Amendment violation and no amendment can alter

---

[1] It is unclear if Plaintiff is a pre-trial detainee or incarcerated pursuant to a conviction.  A pretrial detainee's claim regarding the food (s)he is served is governed by the Fourteenth Amendment, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), and a convicted prisoner's food claim is governed by the Eighth Amendment, *LeMaire v. Maas*, 12 F.3d 1444, 1455 (9th Cir. 1993).

that deficiency), *judgment vacated on other grounds*, 493 U.S. 801 (1989); *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water for hours); *Curry v. Morring*, No. C 09–3751 MHP (pr), 2010 WL 3490238, at *2 (N.D. Cal. 2010) (no Eighth Amendment claim stated by inmate who defecated on himself after correctional officers refused to let inmate leave exercise yard and return to his cell to use a toilet with toilet paper).  The Eighth Amendment only requires that inmates receive food that it is adequate to maintain health.  "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'"  *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied,* 475 U.S. 1096 (1986)).

Accordingly, this action will be DISMISSED for failure to state a claim.  The dismissal is with prejudice because amendment would be futile.  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.  The Clerk of the Court shall issue judgment and close the file.

**IT IS SO ORDERED.**

Dated:  March 15, 2023

_____
JON S. TIGAR
United States District Judge